1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOE HAND PROMOTIONS, INC.,                    No.  2:15-cv-1106 JAM DB

12               Plaintiff,

13         v.

14    MOHAMMAD WASIM AHMADI,                         FINDINGS AND RECOMMENDATIONS

15               Defendant.

16

17         On April 25, 2016, plaintiff Joe Hand Promotions, Inc.'s ("plaintiff") motion for default

18    judgment against defendant Mohammad Wasim Ahmadi ("defendant") was taken under

19    submission.[1]  Having considered all written materials submitted with respect to the motion the

20    undersigned recommends that the motion for default judgment be granted.

21                           PROCEDURAL BACKGROUND

22         Plaintiff commenced this action on May 21, 2015, by filing a complaint and paying the

23    required filing fee.  (ECF No. 1.)  Plaintiff's complaint alleges that it was granted the exclusive

24    nationwide commercial distribution (closed-circuit) rights to the "*Ultimate Fighting*

25    *Championship 173: Renan Barao v. T.J. Dillashaw*," ("program") which was telecast nationwide

26    on Saturday, May 24, 2014.  (Compl. (ECF No. 1) at 4.)  Defendant Ahmadi is the owner,

27    _____

28    [1]  On August 2, 2016, this matter was reassigned from the previously assigned Magistrate Judge
     to the undersigned.  (ECF No. 18.)

1

operator, licensee, permittee, or person in charge of the commercial establishment doing business as Yolo Gyros and Burgers Sports Bar and Lounge operating at 1345 Merkley Avenue, in West Sacramento, California 95691.  (Id. at 3.)  Plaintiff's complaint alleges that the defendant personally, or through specific direction of his employees, unlawfully intercepted and broadcast the program without authorization to do so.  (Id. at 4.)  The complaint alleges violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, conversion, and violation of California Business & Professions Code § 17200, et seq.  (Id. at 4-12.)

The record reflects that service of process was effected on defendant Ahmadi on December 24, 2015, by substituted service at the defendant's residence.  (ECF No. 11.)  Despite being served with process, defendant failed to appear in this action and, pursuant to plaintiff's request, (ECF No. 12), the Clerk of the Court entered defendant's default on February 1, 2016. (ECF No. 13.)

On March 4, 2016, plaintiff filed the motion for default judgment now pending before the court.  (ECF No. 14.)  Despite being served with all papers filed in connection with the motion, there was no opposition filed by defendant Ahmadi.  (ECF No. 14 at 4.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing.  Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

1   Granting or denying default judgment is within the court's sound discretion.  <u>Draper v.</u>

2   <u>Coombs</u>, 792 F.2d 915, 924-25 (9th Cir. 1986); <u>Aldabe v. Aldabe</u>, 616 F.2d. 1089, 1092 (9th Cir.

3   1980).  The court is free to consider a variety of factors in exercising its discretion.  <u>Eitel v.</u>

4   <u>McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Among the factors that may be considered by

5   the court are

6         (1) the possibility of prejudice to the plaintiff, (2) the merits of
7         plaintiff's substantive claim, (3) the sufficiency of the complaint,
      (4) the sum of money at stake in the action; (5) the possibility of a
8         dispute concerning material facts; (6) whether the default was due
      to excusable neglect, and (7) the strong policy underlying the
9         Federal Rules of Civil Procedure favoring decisions on the merits.

10   <u>Eitel</u>, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

11   ANALYSIS

12   **I.      Whether Default Judgment Should Be Entered**

13   The factual allegations of plaintiff's complaint, taken as true pursuant to the entry of

14   default against defendant Ahmadi, establish the following circumstances:  (1) defendant Ahmadi

15   is the owner, operator, licensee, permitee, person in charge, or person with control over the

16   commercial establishment doing business as Yolo Gyros and Burgers Sports Bar and Lounge at

17   1345 Merkley Avenue, West Sacramento, California 95691; (2) by contract, plaintiff paid for the

18   proprietary rights to distribute the "*Ultimate Fighting Championship 173: Renan Barao v. T.J.*

19   *Dillshaw*," telecast nationwide on May 24, 2014, via closed-circuit television; (3) pursuant to the

20   contract, plaintiff entered into sublicensing agreements with various commercial entities

21   throughout North America by which it granted those entities limited sublicensing rights to exhibit

22   the program at respective commercial establishments; (4) as a commercial distributor of sporting

23   events, plaintiff expended substantial monies marketing, advertising, promoting, administering,

24   and transmitting the program to its customers; (5) with full knowledge that the program was not

25   to be intercepted, received, and/or exhibited by unauthorized entities, defendant exhibited the

26   program at the time of its transmission and did so willfully and for purposes of commercial or

27   private gain; (6) defendant violated 47 U.S.C. § 605, *et seq.*, which prohibits the unauthorized

28   publication or use of communications; (7) defendant violated 47 U.S.C. § 553, *et seq.*, which

prohibits the unauthorized interception, exhibition, publication, and divulgence of programs; (8) by reason of defendant's violations of §§ 605 and 553, plaintiff has a private right of action pursuant to both statutes; (9) defendant also tortiously obtained possession of plaintiff's program and wrongfully converted it to defendant's own use and benefit; (10) by reason of defendant's tortious conversion, plaintiff is entitled to compensatory and punitive damages; (11) the interception and exhibition of the program violated California Business & Professions Code § 17200, *et seq.*; and (12) by reason of defendant's violation of the Business & Professions Code § 17200, *et seq.*, plaintiff is entitled to such remedies as restitution, disgorgement, and attorneys' fees.[2]  (ECF No. 1 at 3-10.)

In its complaint, plaintiff prays for statutory damages of $110,000 for the willful violation of 47 U.S.C. § 605 and for recovery of all costs and reasonable attorneys' fees.  (<u>Id</u>. at 11.) Plaintiff prays for statutory damages of $60,000 for the willful violation of 47 U.S.C. § 553 and for recovery of all costs and reasonable attorneys' fees.  (<u>Id</u>.)  Plaintiff also seeks compensatory and punitive damages, reasonable attorneys' fees, and costs of suit for defendant's tortious conversion of plaintiff's sports program.  (<u>Id</u>. at 12.)  Finally, plaintiff seeks restitution, declaratory relief, injunctive relief, attorneys' fees, and costs of suit for defendant's violation of the California Business & Professions Code.  (<u>Id</u>.)

Plaintiff's complaint and summons were served upon defendant Ahmadi on December 24, 2015, by substituted service at defendant Ahmadi's residence.  (ECF No. 11.)  The undersigned finds that the defendant was properly served with the complaint and that the Clerk properly entered the default of the defendant on February 1, 2016.  (ECF No. 13.)  Defendant Ahmadi was also served with plaintiff's application for default judgment by the court.  (ECF No. 14 at 4.) Despite being served with process and all papers filed in connection with plaintiff's motion for default judgment, defendant failed to respond to plaintiff's complaint and plaintiff's motion for default judgment.

////

---

[2]  Plaintiff's motion for default judgment does not seek damages for defendant's alleged violation of 47 U.S.C. § 553, *et seq*. or California Business & Professions Code § 17200, *et seq*.

After weighing the Eitel factors, the undersigned finds that the material allegations of the complaint support plaintiff's claims.  Plaintiff will be prejudiced if default judgment is denied because plaintiff has no other recourse for recovery of the damages suffered due to the defendant's failure to pay for the right to exhibit the program to the patrons within Yolo Gyros and Burgers Sports Bar.

In light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action.  Nor is there any indication that defendant's default resulted from excusable neglect, since defendant was properly served with plaintiff's pleading as well as with plaintiff's request for entry of default and motion for default judgment.  Thus, defendant Ahmadi has had ample notice of plaintiff's intent to pursue a default judgment against him.

Although public policy generally favors the resolution of a case on its merits, defendant's failure to make a proper appearance and defend against plaintiff's claims has made a decision on the merits impossible in this case.  Because most of the Eitel factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be entered against the defaulted defendant.

## II.   Terms Of Judgment To Be Entered

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment.  Upon consideration of all of plaintiff's briefing, the undersigned will recommend that damages be awarded but not in the amount requested.

By its motion for default judgment, plaintiff seeks a judgment in the total amount of $110,850 against the defaulted defendant.  That sum consists of $110,000 for violation of 47 U.S.C. § 605(e)(3)(B)(iii) and (c)(ii) and $850 for the tort of conversion.  (ECF No. 14-2 at 2.)  The undersigned is mindful that defendant was served with plaintiff's motion for default judgment and was placed on notice of the amount sought by plaintiff.  However, granting or denying default judgment is within the court's sound discretion, and one of the factors the court is free to consider in exercising its discretion is the sum of money at stake.  See J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *3 (S.D. Cal.

1   Oct. 20, 2009).

2           Under the Federal Communications Act, a plaintiff may elect to seek either actual or

3   statutory damages.  47 U.S.C. § 605(e)(3)(C)(i)(I & II).  The statute provides for statutory

4   damages for each violation of not less than $1,000 and not more than $10,000, as the court

5   considers just.  47 U.S.C. § 605(e)(3)(C)(i)(II).  Plaintiff seeks the maximum award of $10,000.

6   The statute also authorizes enhanced damages of not more than $100,000 if the court finds the

7   violation was "committed willfully and for purpose of direct or indirect commercial advantage or

8   private financial gain."  47 U.S.C. § 605(e)(3)(C)(ii).  "[T]he mere assertion that Defendant acted

9   willfully is insufficient to justify enhanced damages."  Kingvision Pay-Per-View, Ltd. v.

10  Backman, 102 F.Supp.2d 1196, 1198 (N.D. Cal. 2000).

11          Here, plaintiff seeks $100,000 in enhanced statutory damages.  Plaintiff argues that the

12  requested amount is justified primarily because of the need to deter broadcast piracy in light of

13  the harm done to plaintiff's business as a result of such activities.  In determining whether

14  enhanced statutory damages are appropriate, courts usually consider "repeated violations over an

15  extended period of time; substantial unlawful monetary gains; significant actual damages to

16  plaintiff; defendant's advertising for the intended broadcast of the event; defendant's charging a

17  cover charge or charging premiums for food and drinks."  Kingvision Pay-Per-View, Ltd. v.

18  Gutierrez, 544 F.Supp.2d 1179, 1185 (D. Colo. 2008) (quotation omitted).

19          Plaintiff has submitted an affidavit from its investigator stating that during the airing of

20  the program at defendant's establishment the investigator observed a maximum of 26 patrons

21  inside the establishment and that there was no cover charge to enter the establishment.  (ECF No.

22  14-3 at 2.)  Plaintiff has come forward with no evidence of any promotion by defendant that the

23  fight would be shown at the establishment, that a special premium on food or drink was being

24  charged at the establishment on the night of the program, or that the establishment was doing any

25  greater level of business on the night the program was shown than at any other time.  As

26  acknowledged by plaintiff, there are "no egregious circumstanced noted" in this action.  (Pl.'s

27  MDJ (ECF No. 14-1) at 11.)  Moreover, plaintiff has presented no evidence to the court

28

                                                    6

1    suggesting that the defendant is a repeat broadcast piracy offender.[3]

2         In light of this record, the undersigned finds plaintiff's argument in support of enhanced

3    statutory damages to be unpersuasive and not supported by the weight of authority in this area.

4    Accordingly, the undersigned will recommend that judgment be entered against the defaulted

5    defendant, and that plaintiff be awarded $6,000 in statutory damages, with no award for enhanced

6    statutory damages, pursuant to 47 U.S.C. § 605(e)(3)(C)(i & ii).  See J & J Sports Productions

7    Inc. v. Ocampo, Case No. 1:16-cv-0559 LJO JLT, 2016 WL 6246490, at *6 (E.D. Cal. Oct. 26,

8    2016) ("Because there is insufficient evidence to demonstrate the piracy was done for purposes of

9    commercial or private gain, enhanced damages are not recommended."); J & J Sports

10   Productions, Inc. v. Bolano, Case No. 5:14-cv-3939-BLF, 2015 WL 4512322, at *4 (N.D. Cal.

11   July 24, 2015) ("In sum, it is Plaintiff's burden to establish willfulness and Plaintiff has offered

12   no evidence nor conducted any analysis of the specific facts in this case on this point sufficient to

13   warrant an award of enhanced damages.  As such, Plaintiff has failed to demonstrate entitlement

14   to enhanced damages and the Court declines to award such damages here."); J & J Sports

15   Productions, Inc. v. Lorenzana, Case No. 13-cv-5554 BLF (JCS), 2014 WL 3044566, at *4 (N.D.

16   Cal. May 13, 2014) ("There is also insufficient evidence that Defendant displayed the Program

17   for a 'commercial advantage' or for 'financial gain,' which is required for an award of enhanced

18   damages.").

19        Plaintiff's motion for default judgment also seeks an award of $850 in damages for the

20   state law tort of conversion.  (Pl.'s MDJ (ECF No. 14-1) at 20.)  However, "because Plaintiff

21   chose to receive statutory damages rather than actual damages under the Communications Act,

22   damages for conversion are subsumed into the total award" of $6,000.  J & J Sports Productions

23   Inc. v. Ocampo, Case No. 1:16-cv-0559 LJO JLT, 2016 WL 6246490, at *6 (E.D. Cal. Oct. 26,

24

---

25   [3]  It appears, however, that during the course of this litigation, defendant was found to have
     committed broadcast piracy on a separate occasion.  See J & J Sports Productions, Inc. v.
26   Ahmadi, No. 2:15-cv-0941 MCE CKD, 2016 WL 1203406, at *1 (E.D. Cal. Mar. 29, 2016)
     (recommending default judgment against defendant based on similar facts).  "Until an offender is
27   given notice that damages will be sought, there is no additional incentive to stop the subsequent
     violations."  J & J Sports Productions, Inc. v. Lorenzana, Case No. 13-cv-0554 BLF (JCS), 2014
28   WL 3044566, at *3 (N.D. Cal. May 13, 2014).

1   2016); see, e.g., J & J Sports Productions, Inc. v. Ahmadi, No. 2:15-cv-0941 MCE CKD, 2016

2   WL 1203406, at *3 (E.D. Cal. Mar. 29, 2016) (declining to award conversion damages where

3   statutory damages awarded "sufficiently compensates plaintiff"); Joe Hand Promotions, Inc. v.

4   Forsberg, No. 2:14-cv-1559 WBS EFB, 2016 WL 235274, at *6 (E.D. Cal. Jan. 20, 2016) (same);

5   J &J Sports Productions v. Mannor, No. CIV 2:10-cv-3021 LKK JFM, 2011 WL 1135356, at *3

6   (E.D. Cal. Mar. 28, 2011) (declining to award damages for conversion because "plaintiff has been

7   sufficiently compensated through the federal statutory scheme" where the award total was $3,200

8   and the cost of the proper license was $2,200).  Accordingly, the undersigned will not recommend

9   an award of damages with respect to the tort of conversion.

10                                         CONCLUSION

11        For the reasons set forth above, IT IS RECOMMENDED that:

12        1.  Plaintiff's March 4, 2016 motion for default judgment (ECF No. 14) be granted;

13        2.  Judgment be entered against defendant in the sum of $6,000; and

14        3.  This case be closed.

15        These findings and recommendations will be submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

17   days after these findings and recommendations are filed, any party may file written objections

18   with the court.  A document containing objections should be titled "Objections to Magistrate

19   Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed

20   within seven (14) days after service of the objections.  The parties are advised that failure to file

21   objections within the specified time may, under certain circumstances, waive the right to appeal

22   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23   Dated:  November 18, 2016

24

25

26   DLB:6
27   DB/orders/orders.civil/joehand1106.mdj.f&rs

                                         DEBORAH BARNES
                                         UNITED STATES MAGISTRATE JUDGE

28